IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)   Plaintiff, )<br>)<br>     vs. )<br>)<br>)<br>CLIFTON ELIAS HOWARD III, )<br>)<br>)<br>     Defendant. )<br>)<br>_____) | No. CR-F-04-5234 OWW<br><br>ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR FUNDS WITHOUT PREJUDICE (Doc. 215) |

On June 4, 2008, Clifton Elias Howard III, proceeding *in pro per,* filed an ex parte application for funds pursuant to 18 U.S.C. §§ 3006A(a) and (e), and 21 U.S.C. §§ 848(q)(8) and (9) Howard seeks funds "for the fair discovery and meaningful development of his claims prior to the filing of his habeas petition." Howard contends that he needs:

> A) an investigator, B) DNA expert and testing, C) a fingerprint expert for compareson [sic] in preparing and litigating his claims of: (1) Actual Innocence, (2) introduction of false evidence and perjured testimony, and (3) ineffective assistance of counsel.

1

Howard's motion is DENIED WITHOUT PREJUDICE.

Howard was convicted by jury trial of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a), armed credit union robbery in violation of 18 U.S.C. § 2113(a) &(d), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c).  Howard was sentenced on February 26, 2007 to life imprisonment plus 84 months and restitution.  Howard filed an appeal to the Ninth Circuit.  His conviction was affirmed by the Ninth Circuit in May 2008.

21 U.S.C. § 848(q)(8) & (9) applied to appeals in *capital* cases and was repealed in 2006.

18 U.S.C. § 3006A(a)(2) provides:

> Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be financially provided for any financially eligible person who is seeking relief under section ... 2255 of title 28.

Section 3006A(e) allows the provision of funds for investigative, expert, or other services that are "necessary for adequate representation" of a person financially unable to obtain them.

Unless and until Howard files a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, it cannot be determined whether, in the interests of justice, the appointment of counsel and/or the provision of funds to obtain investigatory or expert assistance, is required.  Howard has no statutory or constitutional right to these funds in the absence

of timely Section 2255 motion asserting the claims upon which he seeks relief.  If a Section 2255 motion is timely filed, the motion will be reviewed by the Court and, if necessary, the United States will be ordered to file a responsive pleading.  At that time, a determination will be made which claims, if any, will proceed to resolution, either on the pleadings or by evidentiary hearing.  If then requested and considered necessary by the Court for the resolution of the claims, funds may be approved under Section 3006A.

IT IS SO ORDERED.

**Dated:   June 16, 2008**                   /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE