**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CLIFTON ELIAS HOWARD, III,**<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　Respondent. | 1:04-cr-05234-OWW<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION PURSUANT TO 28 U.S.C. § 2255 (Doc. 275) |

## I. INTRODUCTION.

Clifton Elias Howard III ("Petitioner") proceeds with a motion to 28 U.S.C. § 2255. (Doc. 275). The United States of America ("Respondent") filed opposition to Petitioner's motion on May 12, 2011. (Doc. 284). Petitioner filed a traverse on August 5, 2011. (Doc. 289).

## II. FACTUAL BACKGROUND.

On April 26, 2006, a jury found Petitioner guilty of one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a), one count of armed credit union robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The evidence showed that Petitioner was a member of a group that committed several armed robberies in the

1

Modesto area.  The Government's case against Petitioner was based, *inter alia*, on the testimony of eye-witnesses, the testimony of Petitioner's co-conspirator George Dancer, and physical evidence linking Petitioner to the conspiracy.  The Ninth Circuit affirmed Petitioner's conviction on May 15, 2008.  *United States v. Howard,* 278 Fed. Appx. 777 (9th Cir. 2008) (unpublished).

### III. **LEGAL STANDARD**.

Federal prisoners may file motions to vacate, set aside, or correct a sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  Where the petitioner does not allege lack of jurisdiction or constitutional error, relief under section 2255 is inappropriate unless the alleged error resulted in a "complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995). "[R]elief is not available merely because of error that may have justified reversal on direct appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).  A court deciding a motion under section 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

///

///

**2**

**IV. <u>DISCUSSION</u>**.

**A. Duplicity**

Count One of Petitioner's indictment charged conspiracy in violation of 18 U.S.C § 1951(a). Petitioner contends that his indictment was duplicitous because Count One charged Petitioner with conspiracy to commit the separate crimes of robbery, attempted roberry, and robbery.

"An indictment is considered duplicitous if a single count combines two or more different offenses." *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009). Whether an indictment is duplicitous depends on whether the indictment charges two separate offenses in one count, or merely state multiple ways of committing the same offense. *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006). Where a statute defines a single offense that may be committed by several alternative means, it is proper for the government to charge different means of a crime connected by conjunctions in the indictment when the means are listed disjunctively in the statute. *Renteria*, 557 F.3d at 1007. Section 1951 provides, in pertinent part:

> a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a).

Petitioner's duplicity argument lacks merit. Count One does not charge multiple district offenses, rather, the references to conspiracy to commit robbery, attempted roberry, and robbery

Petitioner complains simply set forth predicate acts underlying the single violation charged in Count One: violation of 18 U.S.C. § 1951(a). As the Ninth Circuit explained in *United States v. Yarbrough*, 852 F.2d 1522, 1530-31 (9th Cir. 1988):

> On its face, paragraph 19 [of Count One of the indictment] sets out two separate offenses -- disposing of $ 3.6 million of the Ukiah armored car robbery proceeds and receiving $ 10,000 of that money. However, Craig is not "charged" with violations of 18 U.S.C. §§ 2 and 2315. Rather, *these charges simply constitute predicate RICO acts*. Count I charges her with one federal crime -- violation of the federal racketeering laws. The indictment, therefore, was not duplicitous

(Emphasis added).

Petitioner also asserts an ineffective assistance of counsel claim based on counsel's failure to object to duplicitous indictments. As petitioner's substantive claim lacks merit, Petitioner cannot establish deficient performance of counsel or prejudice. *E.g., Strickland v. Washington*, 466 U.S. 668, 690-92 (1984).

**B. Multiplicity**

Petitioner challenges his indictment on the grounds of multiplicity. Petitioner contends he was charged with robbing the same bank in Count 1 and Count 6 of the indictment, violating the Double Jeopardy Clause.

An indictment is multiplicitous if it charges a single offense in more than one count. *United States v. Awad,* 551 F.3d 930, 937 (9th Cir. 2009). The test for multiplicity is whether each count requires proof of an additional fact which the other does not. *Id.* (citing *United States v. Garlick*, 240 F.3d 789, 793-94 (9th Cir. 2001 and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Multiplicity is a defect in the indictment, and a conviction will

**4**

not be reversed unless the defendant was prejudiced by the defect. *See, e.g., United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003). A multiplicitous indictment threatens to prejudice a defendant by producing two penalties for one crime, raising double jeopardy questions. *United States v. Stewart*, 420 F.3d 1007, 1011 (9th Cir. 2005).

With respect to Count One of the indictment, Petitioner was charged and convicted of conspiracy in violation of 18 U.S.C. § 1951(a). *Howard*, 278 Fed. Appx. at 777. Count Six of the indictment was for bank robbery in violation of 18 U.S.C. § 2113. *Id.* Petitioner's conspiracy conviction under Count One was based on elements not required to establish a violation of section 2113. The Ninth Circuit rejected Petitioner's double jeopardy arguments on direct review of his conviction. *Id.* at 778. Petitioner's multiplicity claim fails.

Petitioner also asserts an ineffective assistance of counsel claim based on counsel's failure to object to the alleged multiplicity in the indictment. As petitioner's substantive claim lacks merit, Petitioner cannot establish deficient performance of counsel or prejudice. *E.g., Strickland v. Washington*, 466 U.S. 668, 690-92 (1984).[1]

**C. Bias Claims**

Petitioner contends he was denied his right to a fair and impartial jury and judge. Petitioner's jury bias argument is based on the revlatation during trial that one of the jurors was related to a witness. Petitioner also contends that the court's handling

---

[1] Petitioner also appears to allege that counsel did in fact raise the multiplicity and duplicity issues before trial. (Pet. at 9).

of two juror issues that arose during trial evinced partiality in favor of the government.

**1. Jury Bias**

To justify a new trial based on a claim of juror bias, Petitioner must demonstrate that a dishonest answer was given on voir dire to a material question and that the correct response would have provided a valid basis for a challenge for cause, or that his right to an impartial jury, guaranteed by the Sixth and Fourteenth Amendments, was otherwise violated by actual or implied juror bias. *Hamilton v. Ayers*, 583 F.3d 1100, 1107 (9th Cir. 2009) (citations omitted). To prevail on a claim of actual bias, Petitioner must establish "bias in fact," i.e., "the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *Fields v. Brown,* 503 F.3d 755, 767 (9th Cir. 2007) (citing *United States v. Gonzalez*, 214 F.3d 1109, 1112 (9th Cir. 2000)).

An honest, but mistaken, response to a voir dire question does not impinge on a defendant's right to a fair trial. *See, e.g., Hamilton*, 583 F.3d at 1107 (new trial warranted based on "dishonest answer"); *see also McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984) (plurality) ("juror's mistaken, though honest, response to a question" not grounds for new trial); *Fields*, 503 F.3d at 767 (refusing to invalidate conviction where juror "did not respond dishonestly on voir dire and did not intend to mislead the trial court"). Whether a juror is dishonest is a question of fact. *Dyer v. Calderon*, 151 F.3d 970, 973 (9th Cir. 1998). Here, after subjecting the juror to further voir dire after learning of her relation to a witness, the

6

court made a factual finding that the juror who was related to a witness did not intend to mislead the court or provide a dishonest hour during the initial voir dire.[2] The juror advised the court that she had missed the witnesses name when the court read the list of witnesses during initial voir dire. (RT at 561-62). Petitioner cannot establish that the juror acted with dishonest intent. Nor can Petitioner establish either actual or implied bias.

"Actual bias is typically found when a prospective juror states that he can not be impartial, or expresses a view adverse to one party's position and responds equivocally as to whether he could be fair and impartial despite that view." *Fields*, 503 F.3d at 767. The determination of whether a juror is actually biased is a question of fact. *Id.* (citing *Dyer,* 151 F.3d at 973). After subjecting the juror to further voir dire, the court found that the juror was not biased, and counsel for both sides agreed.[3] (RT at 561-62). Petitioner cannot establish actual bias.

Implied juror bias may be proven by circumstantial evidence. *United States v. Allsup*, 566 F.2d 68, 71 (9th Cir. 1977). For example, the Ninth Circuit has noted the general rule that a juror may be "prone to favor that side of a cause with which they identify themselves either economically, socially, or emotionally is a fundamental fact of human character." *Id.* Here, although the juror was a cousin of a prosecution witness, the record

---

[2] Petitioner's representation that the court failed to voir dire the juror upon learning of the issue is knowingly false and contradicted by his own assertions elsewhere in the petition.

[3] For this reason, Petitioner's juror bias argument, like many other claims asserted in the petition that were not raised during trial or on direct appeal, has been waived. The court proceeds to the merits of procedurally defaulted claims in the interest of expediency.

7

demonstrates that the juror did not have a close relationship with the witness.  Other than the fact of distant consanguineal relationship, Petitioner points to no circumstantial evidence to support his claim of bias, which is belied by the court's factual findings at the time of trial, as well as the fact that the jury acquitted Petitioner on various counts.  Petitioner has not carried his burden of establishing implied bias.

Petitioner also asserts an ineffective assistance of counsel claim based on counsel's failure to seek removal of the juror.  As petitioner's substantive claim lacks merit, Petitioner cannot establish deficient performance of counsel or prejudice.  *E.g., Davis v. Woodford*, 384 F.3d 628, 643 (9th Cir. 2004) ("Establishing Strickland prejudice in the context of juror selection requires a showing that, as a result of trial counsel's [error], the jury panel contained at least one juror who was biased"); *Wilson v. Henry*, 185 F.3d 986, 991 (9th Cir. 1999) (holding that counsel was not ineffective for failing to ask certain questions during voir dire when all jurors stated that they would be fair and follow the law as instructed).

**2. Judicial Bias**

The Due Process clause requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of his particular case.  *E.g., Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997).  There is a strong presumption that a judge is not biased or prejudiced.  *Rhoades v. Henry*, 598 F.3d 511, 519 (9th Cir. 2010).

Plaintiff offers no evidence sufficient to rebut the presumption against judicial bias.  Petitioner contends that the

8

court's bias is evinced by the failure to excuse the juror related to a witness. As explained above, the juror was not biased and the decision to permit her to remain on the jury was based on the juror's responses to thorough voir dire which fully examined the issues and the record consent of all parties. Petitioner also contends that removal of another juror who had failed to reveal during voir dire that she had a son incarcerated in federal prison evinces bias. However, the fact that the court removed the juror at the prosecution's request does not suggest disparate treatment or bias, as Petitioner's trial counsel did not seek to have the juror related to a witness removed.

**D. Verdict Form Claim**

Petitioner contends that the jury's verdict was impermissibly amended after the jury had been discharged. This claim is foreclosed by the Ninth Circuit's decision rejecting Petitioner's identical claim on direct appeal. *Howard,* 278 Fed. Appx. at 778.

**E. Prosecutorial Misconudct**

**1. False Evidence**

Petitioner contends that the prosecution offered false testimony and evidence against him. Specifically, Petitioner contends that the ski-mask offered into evidence at trial was not the mask worn in any of the robberies, and that the prosecution should have know that Dancer's testimony that it was the mask was "perjured."

Prosecutorial misconduct requires a mistrial if the prosecutor's conduct so infected the trial with unfairness that proceeding would violate due process. *See, e.g., Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Drayden v. White*, 232 F.3d

704, 713 (9th Cir. 2000). Petitioner's conclusory, self-serving protestations of innocence, belied by extensive substantial evidence to the contrary, are insufficient to establish that the prosecution had reason to believe that the ski-mask entered into evidence was not the mask used in commission of the subject offenses, or that Dancer's testimony was perjured. Dancer's credibility was a question for the jury.

### 2. Impeachment Evidence

Petitioner contends the prosecution committed misconduct by introducing Petitioner's prior felony convictions for the purpose of impeachment. The court ruled that Petitioner's prior convictions for impeachment in 1985 and robbery in 1998 were admissible for impeachment purposes under Fed. R. Evid. 609, but precluded evidence of Petitioner's prior attempted armed robbery conviction as too prejudicial and remote. Petitioner presents no evidence that the prosecution violated the court's order concerning permissible impeachment materials. Petitioner's conclusory assertion that the prosecution admitted an exhibit that referenced a conviction outside the scope of the court's impeachment ruling is unsupported by any evidence or citation to the record. Further, assuming arguendo that such an error was made, in light of the totality of the record, the permissible impeachment evidence of Petitioner's prior bank robbery conviction, and the court's instructions to the jury limiting use of the prior convictions to impeachment purposes only, Petitioner cannot establish that any such error so infected the trial with unfairness that he was denied due process. *See, e.g., Darden*, 477 U.S. at 181 (discussing fundamental fairness standard); *see also United States v. Heredia*,

483 F.3d 913, 923 (9th Cir. 2007) (en banc) ("jury is presumed to follow the instructions given to it"); *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (noting that errors may not violate fundamental fairness guarantee of the due process clause where evidence of guilt is overwhelming).

**F. Alleged Destruction of Evidence**

Petitioner advances the conclusory and wholly unsupported contention that the government destroyed DNA evidence on the ski-mask found in Petitioner's girl friend's bedroom. Petitioner attempts to assert a claim under *Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on a Brady claim, Defendant must establish that: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the evidence was suppressed by the government; and (3) prejudice resulted. Id. (internal quotation marks omitted). "The touchstone of the prejudice analysis is whether admission of the suppressed evidence would have created a reasonable probability of a different result." United States v. Price, 566 F.3d 900, 907-911 (9th Cir. 2009).

Petitioner concedes that his counsel refused his requests to have DNA testing performed on the mask. Petitioner cannot state a *Brady* violation, as it is undisputed that he had access to the ski-mask prior to trial and could have obtained such testing but for his counsel's strategic decision to forego DNA analysis in light of the risk Petitioner's DNA would have been found on the mask. More importantly, Petitioner cannot possibly establish prejudice in

**11**

light of the substantial record evidence of his guilt.[4]  Assuming arguendo that DNA testing would reveal an absence of Petitioner's DNA on the mask and/or the presence of another individual's DNA on the mask, there is no reasonable probability of a different result. The jury's verdict suggests that it found the presence of the ski-mask at Petitioner's girlfriend's house probative of his guilt notwithstanding the lack of DNA evidence linking him to the mask.

**G. Pinkerton Instruction**

Petitioner contends that the court's conspiracy instruction were erroneous and confusing.  Specifically, Petitioner complains that the conspiracy instructions "allowed [him] to be found guilty for acts of his [co-defendants] even though there was not necessarily a unanimous finding by the jury that [Petitioner] was a member of a conspiracy to commit such acts." (Pet. at 86). Petitioner's claim lacks merit, as it ignores the precept on which Pinkerton liability is based: that the necessary criminal intent to do the act is established by the formation of the conspiracy. *United States v. Houston*, 648 F.3d 806,– (9th Cir. 2011); 2011 U.S. App. LEXIS 15916, * 26 (citing *Pinkerton v. United States*, 328 U.S. 640, 647 (1946) and *United States v. Tse*, 135 F.3d 200, 206-07 (1st Cir. 1998).  The jury's verdict establishes that it found Petitioner guilt of conspiracy beyond a reasonable doubt based on an accurate and lawful Pinkerton instruction.

///

---

[4] For this reason, Petitioner's motion for post-conviction DNA testing is denied. *See* 18 U.S.C. § 3600(a)(8) (requiring movant to demonstrate that proposed testing would create "reasonable probability" that the convicted individual did not commit the offense).

**12**

## H. Insufficient Evidence

Petitioner contends the record is insufficient to support his conviction. This claim is foreclosed by the Ninth Circuit's decision rejecting Petitioner's identical claim on direct appeal. *Howard,* 278 Fed. Appx. at 778. Petitioner also contends he is actually innocent. Petitioner has not come close to meeting the "extraordinarily high" standard required to prevail on an actual innocence claim. *See, e.g., Hageman v. Hill,* 314 Fed. Appx. 996, 998 (9th Cir. 2009).

## I. Remaining Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim under *Strickland,* a petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687. First, a petitioner must prove that counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Id*. at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. Second, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

### 1. Pretrial Conduct

Petitioner contends his trial counsel rendered ineffective assistance of counsel by (1) failing to move for suppression of the ski-mask found at Petitioner's girlfriend's house; (2) failing to move to suppress a photo line-up identification of Petitioner; and (3) entering into a stipulation that a prosecution witness never

saw Petitioner enter or leave one of the banks that he was accused of robbing. Petitioner cannot establish prejudice or deficient performance regarding any of these claims.

With respect to suppression of the ski mask, Petitioner identifies no cognizable basis for suppression. Petitioner's arguments concerning the other individuals who had access to his girlfriend's bedroom go to the weight, not admissibility of the evidence.

With respect to the photo line-up, Petitioner fails to establish that the photo-line up was impermissibly suggestive. Minor variations between a suspect and other individuals in a photo lineup do not render a lineup constitutionally infirm. *See, e.g., United States. v. Portillo*, 633 F.2d 1313, 1324 (9th Cir. 1980). Petitioner cannot prevail on this claim because there is no probability that a motion to suppress would have prevailed. *See Styers v. Schriro*, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) (where the defendant claims ineffective assistance for failure to file a particular motion, he must "not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome"). Further, there is no reasonable probability that a successful suppression motion would have resulted in a more favorable outcome for Petitioner, as the witness who identified Petitioner in the photo line-up Petitioner complains of identified Petitioner at trial without. Finally, Petitioner's counsel's stipulation was in no way prejudicial and did not suggest he was at the scene of the crime.

///

**2. Conduct at Trial**

Petitioner contends counsel was ineffective for failing to object to introduction of evidence of the crime of a co-conspirator which occurred after the date on which the government conceded Petitioner's involvement in the conspiracy ended. The balance of Petitioner's ineffective assistance claims concerning counsel's performance at trial have been addressed above.

Petitioner cannot establish prejudice on his claim regarding the evidence obtained from the arrest of his co-conspirator. In light of the record evidence of Petitioner's guilt and the jury's verdict, Petitioner cannot establish that he was prejudiced by the evidence of his co-conspirator's crime on July 27, 2004. The evidence was unnecessary to any of the counts on which Petitioner was convicted.

**3. Sentencing**

Petitioner contends counsel "abandoned" him during sentencing. The record belied Petitioner's contention. Counsel filed sentencing objections on February 26, 2007. Further, Petitioner identifies no facts or arguments that counsel should have raised during sentencing; absent a showing that such facts or arguments existed, Petitioner cannot establish prejudice. *See, e.g., Leavitt v. Arave*, 646 F.3d 605, 613-15 (9th Cir. 2011) (discussing ineffective assistance claims in sentencing context and rejecting claim where petitioner did not establish that counsel could have made any argument or presented any fact that would have created a reasonable probability of more favorable sentence).

///

///

**15**

### 4. Cumulative Error

Petitioner contends that the cumulative errors of his trial counsel amounted to a denial of his Sixth Amendment right. As Petitioner has not identified any deficient performance, he cannot prevail on his claim of cumulative error. *See, e.g., Ennis v. Neven*, 415 Fed. Appx. 794, 797 (9th Cir. 2011) ("Because Ennis has failed to show any individual act of ineffective assistance of counsel, we reject Ennis's contention that there was cumulative error").[5]

### J. Notice of Intent to Seek Life Sentence

Petitioner advances the conclusory assertion that the court lacked jurisdiction to impose a life sentence because the government did not comply with the notice requirements of 21 U.S.C. 851(a). Petitioner identifies no defect in section 851(a) compliance. (Pet. at 128).

### ORDER

For the reasons stated, IT IS ORDERED:

1) Petitioner's motion pursuant to 28 U.S.C. § 2255 is DENIED;
2) Petitioner's pending motions for post-conviction DNA testing, evidentiary hearing, status conference, and all other motions related to his section 2255 petition are DENIED AS MOOT.

IT IS SO ORDERED.

**Dated:   September 30, 2011**          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

---

[5] Similarly, the passing references to ineffective assistance of appellate counsel contained in the petition are insufficient to establish entitlement to relief, as Petitioner has not identified any error that, if raised on appeal, would have resulted in reversal of his conviction.

**16**