# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFTON ELIAS HOWARD III,** | **CASE NO. 1:04-CR-05234-AWI-3** |
| Petitioner | |
| v. | **ORDER DENYING PETITIONER'S RULE 60 MOTION AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| **UNITED STATES OF AMERICA,** | |
| Respondent | (Doc. No. 303) |

*Background*

In April 2006, a jury found Petitioner guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a), (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence).  In February 2007, Petitioner was sentenced to a term of life imprison plus 84 months.  The Ninth Circuit affirmed the conviction on direct appeal.

On June 2, 2009, Petitioner filed a motion to vacate under 18 U.S.C. § 2255.  On March 9, 2011, Petitioner filed an amended motion to vacate.  On September 30, 2011, Senior District Judge Wanger denied Petitioner's § 2255 motion and all other outstanding motions.

On October 17, 2011, Petitioner filed a motion for reconsideration and a notice of appeal.  On January 18, 2012, the undersigned denied Petitioner's motion for reconsideration and declined to issue a certificate of appealability.  On November 9, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

On November 19, 2012, Petitioner filed a motion under Rules 15, 60(b)(4), and 60(b)(6).

1   See Doc. No. 301.  Petitioner contended that the indictment was insufficient in that it failed to

2   allege all of the essential elements of 18 U.S.C. § 924(c)(1), the jury instructions on the § 924

3   count were faulty, the trial court improperly enhanced Petitioner's sentence to life imprisonment,

4   and Petitioner received ineffective assistance of counsel.  See id.

5       On November 27, 2012, the Court denied Petitioner's Rule 15/60(b) motion as a disguised

6   successive § 2255 petition that was filed without permission from the Ninth Circuit.  See Doc. No.

7   302.

8       On June 1, 2015, Petitioner filed a motion under Federal Rules of Civil Procedure 60(b)(4)

9   and 60(b)(6), and Federal Rule of Criminal Procedure 12.  See Doc. No. 303.  In this motion,

10  Petitioner alleges that the judgment against him is void because the indictment failed to state an

11  offense under 18 U.S.C. § 924(c)(1)(A), the Court gave an unconstitutional jury instruction, and

12  Howard is factually innocent because there is no such crime as brandishing a firearm during and in

13  relation to a crime of violence under § 924(c)(1)(A).

14      *Legal Standard*

15      "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second

16  or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."  United

17  States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  That section reads:

18          A second or successive motion must be certified as provided in [28 USC § 2244]
            by a panel of the appropriate court of appeals to contain--
19              (1) newly discovered evidence that, if proven and viewed in light of the
            evidence as a whole, would be sufficient to establish by clear and convincing
20          evidence that no reasonable factfinder would have found the movant guilty of the
            offense; or
21              (2) a new rule of constitutional law, made retroactive to cases on collateral
            review by the Supreme Court, that was previously unavailable.
22

23  28 U.S.C. § 2255(h).  To avoid § 2255(h), petitioners will often attempt to characterize their

24  motions in a way that avoids the requirements of § 2255(h).  See Washington, 653 F.3d at 1059.

25  For example, petitioners sometimes attempt to characterize their motions as brought under Rule

26  60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited

27  grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary

28  circumstances support relief.  See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722

1   (9th Cir. 2011). However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for

2   relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the

3   merits and should be treated as a disguised § 2255 motion." Washington, 653 F.3d at 1063 (citing

4   Gonzalez v. Crosby, 545 U.S.  524, 530 (2005)); see also Buenrostro, 638 F.3d at 722.  If §

5   2255(h) applies, but a petitioner has not received permission from the court of appeals to file a

6   successive § 2255 petition, then the district court is without jurisdiction.  See Washington, 653

7   F.3d at 1065.

8       *Discussion*

9       Petitioner again is clearly attempting to assert federal bases for relief from his conviction

10  and/or sentence.  See Hughes v. United States, 770 F.3d 814, 815 (9th Cir. 2014) (refusing to

11  permit a successive § 2255 to challenge a § 924(c)(1) conviction); Echavarria-Olarte v. Reno, 35

12  F.3d 395, 397-99 (9th Cir. 1994) (addressing claim of insufficient indictment); United States v.

13  Dunham, 767 F.2d 1395, 1397 (addressing claim of jury instruction error).  There is no indication

14  that Petitioner has received permission from the Ninth Circuit to file this motion.

15      It is apparent that Petitioner has not complied with § 2255(h).  Petitioner's motion is

16  another improper attempt to file a successive § 2255 petition.  See Washington, 653 F.3d at 1063.

17  Thus, this Court is without jurisdiction, and Petitioner's motion will be denied.  See id. at 1065.

18      *Certificate of Appealability*

19      To appeal the denial of a § 2255 petition, a petitioner must obtain a certificate of

20  appealability.  See 28 U.S.C. § 2253. The Supreme Court has found that a court should issue a

21  certificate of appealability when the petitioner shows that jurists of reason would find it debatable

22  whether the petition states a valid claim of the denial of a constitutional right and that jurists of

23  reason would find it debatable whether the district court was correct in its procedural ruling.  Slack

24  v. McDaniel, 529 U.S. 473 (2000).  The requirement that the petitioner seek a certificate of

25  appealability is a gate-keeping mechanism that protects the Court of Appeals from having to

26  devote resources to frivolous issues while at the same time affording petitioners an opportunity to

27  persuade the Court that through  full briefing and argument the potential merit of claims may

28  appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

In the present case, the Court is denying Petitioner's motion because it is an improper attempt to file an unauthorized successive § 2255 petition.  Given the arguments made by Petitioner, it is apparent that he is raising "claims," i.e. "an asserted federal basis for relief from a . . . judgment of conviction."  <u>Washington</u>, 653 F.3d at 1063.  Reasonable jurists would not debate the denial of Petitioner's purported Rule 60 motion as an unauthorized § 2255(h) successive petition.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief (Doc. No. 303) is DENIED, the Court DECLINES to issue a certificate of appealability, and this case remains CLOSED.

IT IS SO ORDERED.

Dated:   June 3, 2015          _____

SENIOR  DISTRICT  JUDGE

4