# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFTON ELIAS HOWARD III,**<br><br>Petitioner<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent | CASE NO. 1:04-CR-5234 AWI<br><br>**ORDER DENYING PETITIONER'S RULE 59 MOTION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No. 306) |

*Background*

In April 2006, a jury found Petitioner guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a), (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). In February 2007, Petitioner was sentenced to a term of life imprison plus 84 months. The Ninth Circuit affirmed the conviction on direct appeal.

On June 2, 2009, Petitioner filed a motion to vacate under 18 U.S.C. § 2255. On March 9, 2011, Petitioner filed an amended motion to vacate. On September 30, 2011, Senior District Judge Wanger denied Petitioner's § 2255 motion and all other outstanding motions.

On October 17, 2011, Petitioner filed a motion for reconsideration and a notice of appeal. On January 18, 2012, the undersigned denied Petitioner's motion for reconsideration and declined to issue a certificate of appealability. On November 9, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

On November 19, 2012, Petitioner filed a motion under Rules 15, 60(b)(4), and 60(b)(6). See Doc. No. 301. Petitioner contended that the indictment was insufficient in that it failed to allege all of the essential elements of 18 U.S.C. § 924(c)(1), the jury instructions on the § 924

count were faulty, the trial court improperly enhanced Petitioner's sentence to life imprisonment, and Petitioner received ineffective assistance of counsel. See id.

On November 27, 2012, the Court denied Petitioner's Rule 15/60(b) motion as a disguised successive § 2255 petition that was filed without permission from the Ninth Circuit. See Doc. No. 302.

On June 1, 2015, Petitioner filed a motion under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6), and Federal Rule of Criminal Procedure 12. See Doc. No. 303. In this motion, Petitioner alleges that the judgment against him is void because the indictment failed to state an offense under 18 U.S.C. § 924(c)(1)(A), the Court gave an unconstitutional jury instruction, and Howard is factually innocent because there is no such crime as brandishing a firearm during and in relation to a crime of violence under § 924(c)(1)(A).

On June 3, 2015, the Court denied Petitioner's Rule 60 and Rule 12 motion. See Doc. No. 304. The Court found that Petitioner again had filed a disguised successive § 2255 petition without permission from the Ninth Circuit. See id. The Court also declined to issue a certificate of appealability. See id.

On August 24, 2015, Petitioner filed a Rule 59(e) motion for reconsideration. See Doc. No. 306. Petitioner argues that the Court mischaracterized his prior Rule 60 and Rule 12 motions as a successive § 2255, when in fact Petitioner is challenging jurisdiction. See id. Petitioner argues that the Court lacks subject matter jurisdiction because there has never been a federal crime of brandishing a firearm. See id.

*Legal Standard*

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section reads:

> A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral

2

review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h).  See Washington, 653 F.3d at 1059.  For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief.  See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).  However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion."  Washington, 653 F.3d at 1063 (citing Gonzalez v. Crosby, 545 U.S.  524, 530 (2005)); see also Buenrostro, 638 F.3d at 722.  If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction.  See Washington, 653 F.3d at 1065.

*Discussion*

18 U.S.C. § 924(c) constitutes a criminal offense and sets a sentencing range.  See 18 U.S.C. § 924(c); Hughes v. United States, 770 F.3d 814, 815-16 (9th Cir. 2014) (noting that defendant was convicted of an offense under § 924(c)(1)); United States v. Dorsey, 677 F.3d 944, 955-58 (9th Cir. 2012) (discussing sentencing ranges under § 924(c)(1)).  Petitioner's challenge to the nature of the statute constitutes yet another attempt to assert a federal basis for relief from his conviction and/or sentence.  See Washington, 653 F.3d at 1063; cf. Hughes, 770 F.3d at 815 (refusing to permit a successive § 2255 to challenge a § 924(c)(1) conviction where district court found that the defendant had brandished a firearm).  Petitioner's attempt to couch his arguments in terms of subject matter jurisdiction does not change the nature of his challenge.  Thus, Petitioner's Rule 59(e) motion is a successive § 2255 petition, see Washington, 653 F.3d at 1063, and there is no indication that Petitioner has received permission from the Ninth Circuit to file this motion.  Because Petitioner has not complied with § 2255(h), the Court is without jurisdiction, and Petitioner's motion will be denied.  See id. at 1065.

3

*Certificate of Appealability*

To appeal the denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253. The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473 (2000). The requirement that the petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).

In the present case, the Court is denying Petitioner's motion because it is another improper attempt to file an unauthorized successive § 2255 petition. Given the arguments made by Petitioner, it is apparent that he is raising "claims," i.e. "an asserted federal basis for relief from a . . . judgment of conviction." Washington, 653 F.3d at 1063. Reasonable jurists would not debate the denial of Petitioner's purported Rule 59 motion as an unauthorized § 2255(h) petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for relief (Doc. No. 306) is DENIED;
2. The Court DECLINES to issue a certificate of appealability;
3. The Court will not entertain further motions for reconsideration by Petitioner; and
4. This case remains CLOSED.

IT IS SO ORDERED.

Dated:   August 27, 2015                    _____
                                             SENIOR DISTRICT JUDGE