# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFTON ELIAS HOWARD III,** | **CASE NO. 1:04-CR-5234 AWI** |
| **Petitioner** | |
| v. | **ORDER ON MOTION FOR RECONSIDERATION AND MOTION FOR STATUS UPDATE** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent** | (Doc. Nos. 313, 315) |

*Background*

In April 2006, a jury found Petitioner guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a), (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). In February 2007, Petitioner was sentenced to a term of life imprison plus 84 months. The Ninth Circuit affirmed the conviction on direct appeal.

On June 2, 2009, Petitioner filed a motion to vacate under 18 U.S.C. § 2255. On March 9, 2011, Petitioner filed an amended motion to vacate. On September 30, 2011, Senior District Judge Wanger denied Petitioner's § 2255 motion and all other outstanding motions.

On October 17, 2011, Petitioner filed a motion for reconsideration and a notice of appeal. On January 18, 2012, the undersigned denied Petitioner's motion for reconsideration and declined to issue a certificate of appealability. On November 9, 2012, the Ninth Circuit denied Petitioner's request for a certificate of appealability.

1  Following the denial of other motions as disguised and unauthorized successive § 2255
2  petitions, on August 28, 2017, Petitioner filed a motion for reconsideration under Rule 60(b)(6).
3  Citing *Buck v. Davis*, 137 S.Ct. 759 (2017), Petitioner argues that this Court and the Ninth Circuit
4  did not apply the correct standard under 28 U.S.C. § 2253 for determining whether to issue a
5  certificate of appealability with respect to his original 2009 habeas petition. See Doc. No. 313.
6  Petitioner then argues that he has made a sufficient showing that reasonable jurists would have
7  found it debatable that he suffered a constitutional deprivation. See id. Therefore, Petitioner
8  requests that the Court grant him relief and issue a certificate of appealability. See id.

9  Through administrative error, Petitioner's Rule 60(b)(6) motion remains pending. On May
10 6, 2019, Petitioner filed a motion for a status update of his Rule 60(b)(6) motion. See Doc. No.
11 315.

12 *Discussion*

13 The Court cannot grant Petitioner the relief he requests under Rule 60(b)(6), or any other
14 procedural mechanism. As the procedural history above shows, this Court and the Ninth Circuit
15 both declined to issue a certificate of appealability. When the Ninth Circuit declined to issue a
16 certificate of appealability, it simply stated that the request for a certificate was denied and cited
17 28 U.S.C. § 2253(c)(2). See Doc. No. 300. Of necessity, this means that the Ninth Circuit
18 determined that Petitioner had not made a sufficient showing that "jurists of reason could disagree
19 with the district court's resolution of his constitutional claims or that jurists could conclude the
20 issues presented are adequate to deserve encouragement to proceed further." Miller-El v.
21 Cockrell, 537 U.S. 322, 336 (2003); see also Buck, 137 S.Ct. at 773. Because the Ninth Circuit
22 has already made the determination that Petitioner is not entitled to a certificate of appealability,
23 the law of the case doctrine precludes this Court from granting Petitioner a certificate
24 appealability. See Hall v. City of L.A., 697 F.3d 1059, 1067 (9th Cir. 2012); United States v.
25 Houser, 804 F.2d 565, 567 (9th Cir. 1986). Therefore, Petitioner's Rule 60(b)(6) motion for
26 reconsideration will be denied.[1]

27
___

28 [1] Additionally, it does not appear to the Court that its decision to deny Petitioner a certificate of appealability was erroneous under *Buck*.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Rule 60(b)(6) motion (Doc. No. 313) is DENIED;
2. Petitioner's motion for a status update (Doc. No. 315) is DENIED as moot; and
3. Petitioner's authorized successive § 2255 remains stayed and pending.

IT IS SO ORDERED.

Dated: May 8, 2019

_____
SENIOR DISTRICT JUDGE

3