UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLIFTON ELIAS HOWARD, III,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | **CASE NO. 1:04-CR-5234 AWI**<br><br>**ORDER LIFTING STAY, DENYING PETITION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>**(Doc. No. 311)** |

This is a petition for relief from sentence under 28 U.S.C. § 2255. Petitioner, Clifton Howard III, through his counsel seeks relief based on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). See Doc. No. 311. Pursuant to a suggestion from the Ninth Circuit in this case, the Court stayed this matter in June 2016 pending resolution of three cases before the Ninth Circuit. See Doc. No. 312. Upon further review, although Petitioner does not request the Court to do so, the Court finds it appropriate to lift the stay, deny the petition, and deny a certificate of appealability.

*Background*

In April 2006, a jury found Petitioner guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a) and (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). See Doc. No. 135. In February 2007, Petitioner was sentenced to a term of life imprison plus 84 months. See Doc. No. 177, 179. The Ninth Circuit affirmed the conviction on direct appeal in 2008. See Doc. Nos. 214, 216.

Petitioner filed a motion to vacate under 18 U.S.C. § 2255 on June 2, 2009, and an amended petition on March 9, 2011. See Doc. Nos. 260, 275. On September 30, 2011, Senior

1  District Judge Wanger denied Petitioner's § 2255 motion and all other outstanding motions.  See
2  Doc. No. 290.
3      Thereafter, Petitioner filed various motions for relief that were denied as unauthorized
4  successive § 2255 petitions.
5      On June 21, 2016, the Ninth Circuit granted Petitioner permission to file a successive 28
6  U.S.C. § 2255 petition.  See Doc. No. 310.   The Ninth Circuit ordered that Petitioner's petition
7  was to be deemed filed as of May 18, 2016.  See id.  Petitioner's petition challenges once
8  conviction and his sentence through *Johnson v. United States*, 135 S.Ct. 2551 (2015).  See id.
9      *§ 2255 Framework*
10     28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a
11 court established by Act of Congress claiming the right to be released upon the ground that the
12 sentence was imposed in violation of the Constitution or laws of the United States ... may move
13 the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255,
14 a district court must grant a prompt hearing to a petitioner in order to determine the validity of the
15 petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and
16 records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. §
17 2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail
18 to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary
19 dismissal.  United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United
20 States, 692 F.2d 565, 571 (9th Cir. 1983).  A petitioner is not required to allege facts in detail, but
21 he "must make factual allegations" and cannot rest on conclusory statements.  Baumann, 692 F.2d
22 at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary
23 hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to
24 relief; and (2) the petition, files, and record of the case cannot conclusively show that the
25 petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).
26     *Petitioner's Argument*
27     Petitioner argues that *Johnson* held that "crimes of violence" that are defined through what
28 is known as a "residual clause" are unconstitutionally vague.  Petitioner argues that his conviction

1  under § 924(c)(1) cannot stand because the two possible predicate offense, § 1951 conspiracy and
2  § 2113(a) and (d) armed bank robbery, are not "crimes of violence" under § 924(c)(3)(A) and they
3  cannot be crimes of violence under the unconstitutional § 924(c)(3)(B) residual clause.  Further,
4  Petitioner argues that his life sentence pursuant to 18 U.S.C. § 3559(c) as a career offender is
5  improper.  Section 3559(c) mandates a life sentence if a person is convicted of a serious violent
6  felony and has two prior convictions for serious violent felonies.  Section 4B1.1(a) of the
7  sentencing guidelines explains that a career offender is one who is convicted of a crime of
8  violence and has two prior convictions for crimes of violence.  The rationale of *Johnson* prevents
9  any relevant conviction from being considered a predicate crime of violence for purposes of §
10 3559(c) and the career offender classification of Guideline 4B1.1.  Thus, Petitioner argues that his
11 conviction under § 924(c)(1) and his life sentence must be vacated under § 2255.
12      *Discussion*
13      Initially, the Court notes that even though Petitioner's conviction became final in 2008,
14 this petition is timely.  28 U.S.C. § 2255(f) sets a one-year limitations period to a file a § 2255
15 petition.  As relevant here, one of the starting dates for the one-year period is the "date on which
16 the right asserted was initially recognized by the Supreme Court, if that right has been newly
17 recognized by the Supreme Court and made retroactively applicable to cases on collateral review."
18 28 U.S.C. § 2255(f)(3).  As discussed above, Petitioner seeks relief under *Johnson*, which was
19 decided by the Supreme Court on June 26, 2015.  Johnson applies retroactively.  See Welch v.
20 United States, 136 S.Ct. 1257, 1268 (2016); Ward v. United States, 936 F.3d 914, 916 (9th Cir.
21 2019).  Since Petitioner filed his petition on May 18, 2016, his petition fits within the one year
22 limitations period of § 2255(f)(3).
23      With respect to the § 924(c)(1) conviction, that section prohibits in relevant part the using
24 or carrying of a firearm "during and in relation to a crime of violence."  18 U.S.C. § 924(c)(1);
25 United States v. Routon, 25 F.3d 815, 817 (9th Cir. 1994).  A "crime of violence" for purposes of
26 § 924(c)(1) is defined in one of two ways, through either the "elements clause" of 18 U.S.C. §
27 924(c)(3)(A) or the "residual clause" of 18 U.S.C. § 924(c)(3)(B).  See 18 U.S.C. § 924(c)(3);
28 United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018).  *United States v. Davis,* 139 S.Ct.

3

2319, 2336 (2019) declared that § 924(c)(3)(B), the "residual clause," was unconstitutionally vague. United States v. Burke, 943 F.3d 1236, 1238 (9th Cir. 2019). If Petitioner's conviction and sentence were dependent on the application of § 924(c)(3)(B), his arguments would have merit. However, "[w]here two counts served as predicate offenses for a § 924(c) conviction, the conviction is lawful so long as either offense qualifies as a crime of violence." United States v. Dominguez, 954 F.3d 1251, 1258-59 (9th Cir. 2020). One of the predicate offenses is Petitioner's conviction for § 2113(a) and (d) armed bank robbery. The Ninth Circuit has expressly held that armed bank robbery under § 2113(a) and (d) is a crime of violence pursuant to the elements clause of. § 924(c)(3)(A). Watson, 881 F.3d at 784-86; see also United States v. Ali, 789 F. App'x 653, 654 (9th Cir. 2020) (following *Watson* and holding that armed bank robbery under § 2113(a) and (d) is a crime of violence under § 924(c)(3)(A)). *Davis* (and *Johnson*) does not impact the § 924(c)(3)(A) elements clause. United States v. Nikolla, 950 F.3d 51, 53 n.4 (2d Cir. 2020). Thus, *Watson* and *Dominguez* foreclose Petitioner's arguments with respect to his § 924(c)(1) conviction.

As for Petitioner's challenges to the life sentence, there are two significant problems. First, any due process/*Johnson* vagueness challenge to Guideline 4B1.1(a) fails because the Supreme Court has expressly held that *Johnson*'s rationale does not apply to the Federal Sentencing Guidelines. Beckles v. United States, 137 S.Ct. 886, 895 (2017); United States v. Blackstone, 903 F.3d 1020, 1025 (9th Cir. 2018). Second, both the current version and the 2007 version of § 3559(c) mandates a life sentence for a person convicted of a "serious violent felony" who has been convicted on separate occasions in State or Federal court of two or more "serious violent felonies." 18 U.S.C. § 3559(c)(1)(A)(i). In relevant part, § 3559(c) in 2007 and now defines a "serious violent felony" as ". . . robbery (as described in section 2111, 2113, or 2118) . . . or attempt, conspiracy, or solicitation to commit any of the above offenses." 18 U.S.C. § 3559(c)(2)(F)(i). Petitioner was convicted of armed bank robbery under § 2113(a) and (d) in this case, he had a prior conviction in 1998 for armed bank robbery under § 2113(a) and (d), and he had a prior conviction in 1985 for attempted bank robbery in violation of § 2113(a) and (d). See Doc. No. 114. Therefore, all of the relevant offenses are "serious violent felonies" under

§ 3559(c)(2)(F)(i). The comparable language that was found to be unconstitutionally vague in *Johnson* is found in § 3559(c)(2)(F)(ii), not § 3559(c)(2)(F)(i). Therefore, *Johnson* has no application to Petitioner's life sentence.

In sum, Petitioner is not entitled to relief and his § 2255 petition will be denied.

*Certificate of Appealability*

28 U.S.C. § 2253 provides in pertinent part:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In the present case, the Court finds there is an insufficient indication that Petitioner has suffered the denial of a constitutional right which would justify the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 483-84. Given the *Watson* decision and the application of § 3559(c)(2)(F)(i), reasonable jurists would not debate that Petitioner is not entitled to federal habeas corpus relief. Therefore, the Court will deny a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The stay issued on June 23, 2016 is LIFTED;
2. Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 311) is DENIED; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 26, 2020

_____
SENIOR  DISTRICT  JUDGE