UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CLIFTON ELIAS HOWARD,<br><br>Defendant | CASE NO. 1:04-CR-5234 AWI<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 321) |
|---|---|

On June 25, 2020, Defendant Eric Ray Hernandez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant is currently housed in at the Allenwood federal prison in Allenwood, Pennsylvania. Defendant seeks compassionate release based on his age, health conditions, and the Covid-19 pandemic. For the reasons that follow, Defendant's motion will be denied.

**PROCEDURAL HISTORY**

In April 2006, a jury found Defendant guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a) and (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). See Doc. No. 135. In February 2007, Defendant was sentenced to a term of life imprison plus 84 months. See Doc. No. 177, 179. The Ninth Circuit affirmed the conviction on direct appeal in 2008. See Doc. Nos. 214, 216.

Defendant filed a motion to vacate under 18 U.S.C. § 2255 on June 2, 2009, and an amended petition on March 9, 2011. See Doc. Nos. 260, 275. On September 30, 2011, Senior District Judge Wanger denied Defendant's § 2255 motion and all other outstanding motions. See Doc. No. 290.

Thereafter, Defendant filed various motions for relief that were denied as unauthorized successive § 2255 petitions.

On June 21, 2016, the Ninth Circuit granted Defendant permission to file a successive 28 U.S.C. § 2255 petition. See Doc. No. 310. Defendant's petition challenged one conviction and his sentence through *Johnson v. United States*, 135 S.Ct. 2551 (2015). See id. On June 23, 2020, the Court stayed the § 2255 petition at the Ninth Circuit's suggestion. See Doc. No. 312.

On June 25, 2020, Petitioner filed this § 3582(c) motion. See Doc. No. 321.

On June 26, 2020, the Court lifted the stay on the § 2255 petition, denied the petition, and declined to issue a certificate of appealability. See Doc. No. 322.

## DEFENDANT'S MOTION

*Defendant's Argument*

Defendant argues *inter alia* that his particular vulnerability to Covid-19 is an extraordinary and compelling reason for immediate compassionate release or home confinement. Defendant argues that his is 63.5 years old, has deteriorating motor skills, had prostate cancer (in remission), recently had hernia surgery, has high blood pressure, and takes three inhalers for chronic lung disease, COPD, and asthma. Defendant argues that the conditions at Allenwood prison make it impossible for him to properly care for himself and take proper measures to prevent Covid-19 infection. Defendant also argues that he has requested compassionate release from the warden of Allenwood, but he has not heard back and 30 days has not yet expired. Defendant argues that, even though 30 days has not yet elapsed from the date he sent his request for release to the Warden, compliance with § 3582(c)(1)'s exhaustion requirements can be waived.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*

After review, the Court will deny the motion for two reasons.

First, the Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). The Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid-19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). Numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4

(S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.).  Here, because Defendant admits that 30 days has not elapsed since he wrote to the warden of Allenwood prison, Defendant failed to exhaust his administrative remedies.  That is a jurisdictional failure.  See Gallo Cattle, 159 F.3d at 1197; Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

Second, the Court notes that, according to the Bureau of Prison website, Allenwood prison has no active cases of Covid-19 among either the staff or inmate populations.  See www.bop.gov/coronavirus/index.jsp (last visited June 29, 2020).  Defendant's motion is essentially based on the fear that Covid-19 may spread to Allenwood prison.  Without minimizing the potential dangers of the virus, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." Raia, 954 F.3d at 957; United States v. Gama, 2020 U.S. Dist. LEXIS 108760, *12-*13 (S.D. Cal. June 19, 2020); United States v. Kainth, 2020 U.S. Dist. LEXIS 106224, *10 (W.D. Wash. June 17, 2020); United States v. Wade, 2020 U.S. Dist. LEXIS 104998, *10 (N.D. Cal. June 16, 2020); United States v. Cooper, 2020 U.S. Dist. LEXIS 96037, *3 (D. Or. June 1, 2020); United States v. Singui, 2020 U.S. Dist. LEXIS 87056, *12-*13 (C.D. Cal. May 18, 2020).  Without more, the substance of the motion does not indicate that relief would be appropriate.

Given these considerations, the Court will deny Defendant's motion for compassionate release without prejudice.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 321) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   June 29, 2020                              _____
                                                     SENIOR DISTRICT JUDGE

Case 1:04-cr-05234-AWI   Document 323   Filed 06/29/20   Page 5 of 5

5