UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CLIFTON ELIAS HOWARD,<br><br>Defendant | CASE NO. 1:04-CR-5234 AWI-3<br><br>ORDER REGARDING GOVERNMENT'S REQUESTS TO SEAL AND ORDER FOR THE PARTIES TO MEET AND CONFER REGARDING AN EXPEDITED BRIEFING SCHEDULE<br><br>(Doc. No. 379) |

Currently pending before the Court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On June 28, 2022, defense counsel submitted an additional urgent request for release. See Doc. No. 373. The urgent request indicates a deteriorating condition, severe pulmonary problems including end-stage emphysema, purported advice by FMC Devens personnel to seek compassionate release/reduction in sentence, and a current hospitalization. See id. On July 1, 2022, the United States filed a timely opposition. In relevant part, the United States argues that Defendant is again overstating his symptoms and medical condition, his medical records do no reflect a significantly declining condition since his transfer to FMC Devens, and that additional time is needed to respond to various assertions in the urgent request (such as statements by Defendant's provider at FMC Devens) and to consider and respond to the medical opinions expressed by Dr. Markovist. See Doc. No. 378. Additionally, the United States requests that medical records be filed under seal. See Doc. No. 379.

With respect to the request to seal (which involve recent medical records), medical records contain private, confidential, and often sensitive information, and courts often order medical

records to be filed under seal.  E.g. United States v. Bradley, 2020 U.S. Dist. LEXIS 119962, *21 (E.D. Cal. July 6, 2020); Johnsen v. Tambe, 2019 U.S. Dist. LEXIS 144715, *2-*5 (W.D. Wash. Aug. 26, 2019).  The Court detects no reason to reach a different conclusion in this case with respect to either the expert report or the medical records.  Therefore, the government's request to seal Defendant's medical records (Doc. No. 379) will be granted and the medical records will be filed under seal.[1]

The briefing by both sides raise serious questions regarding the potential release due to extraordinary circumstances (health issues) of an armed bank robber who is serving a life sentence.  Given the significance of the issues raised by both sides, but also considering that the last representation from Defendant is that he is in a local hospital, the Court believes that additional briefing is appropriate.[2]  The Court will order the parties to meet and confer in good faith regarding an expedited briefing schedule.  The Court is confident that both sides will be able to agree to an appropriate deadline for the United States to file an additional response/opposition[3] and for the Defendant to file a reply.[4]  The parties shall file their joint expedited briefing schedule with the Court, so that the Court knows when to expect further filings.[5]  Once all briefing has been received, the Court intends to expeditiously rule on Defendant's request for compassionate release.

---

[1] The Court notes that the most recent medical record submitted is dated June 28, 2022, and states in part that Defendant is 65 years old, is oxygen dependent with chronic cough and wheelchair bound due to shortness of breath and a variety of other conditions.

[2] Even if the Court granted Defendant's urgent request today, the Court would order that Defendant remain hospitalized until hospital personnel determine that he is sufficiently stable to be discharged.  The hospital is the most appropriate place for Defendant to be at the moment.

[3] The Court notes that the United States represents that it has been unable to verify the representation that FMC Devens staff encouraged Defendant to file a motion for reduction in sentence because there is nothing more that can be done for him at Devens.  This is a significant representation.  The Court expects that United States' response to further address this representation.  Additionally, the United States addressed Defendant's very low DLCO score and suggests that the score may not be an accurate reflection of Defendant's current condition.  The United States' additional response should further address this issue, as well as Dr. Markovitz's two expert opinions/reports.  Of course, this note is not intended to limit the scope of the United States' response, and the United States should expand on and address all other issues that it deems appropriate.

[4] Defendant's reply should address all relevant issues that counsel deems appropriate.  However, the Court expects the reply to address application of the relevant 18 U.S.C. § 3553 factors.

[5] If a schedule cannot be agreed to, then the parties will file a joint statement that explains their attempts to reach an agreement, their individual positions, and their individual proposals for a briefing schedule.  The Court will then either pick a proposed expedited schedule or create an expedited schedule from the parties' respective proposals.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The United States' request to seal (Doc. No. 379) is GRANTED and the medical records that are the subject of the request shall be filed under seal;
2. As described above, the parties shall meet and confer in good faith to set a briefing schedule; and
3. As soon as possible, the parties shall file either an agreed expedited briefing schedule or a joint statement of differing proposed expedited briefing schedules.

IT IS SO ORDERED.

Dated:   July 1, 2022                         _____
                                              SENIOR  DISTRICT  JUDGE