UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>CLIFTON ELIAS HOWARD,<br><br>Defendant | CASE NO. 1:04-CR-5234 AWI<br><br>ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. Nos. 327, 343, 373) |

Currently pending before the Court is a motion for compassionate release and a renewed urgent request for compassionate release, both brought through 18 U.S.C. § 3582(c)(1)(A). Defendant Clifton Howard was previously housed at the Allenwood prison, but as of December 2021 has been housed at Federal Medical Center Devens. Defendant seeks compassionate release based on his age and health conditions. Following additional time in which to respond, the United States has filed a notice of non-opposition to the urgent request. For the reasons that follow, Defendant's motion will be granted.

**PROCEDURAL HISTORY**

In April 2006, a jury found Defendant guilty of violating 18 U.S.C. § 1951(a) (conspiracy to interfere with commerce by robbery), 18 U.S.C. § 2113(a) and (d) (armed credit union robbery), and 18 U.S.C. § 924(c)(1) (brandishing a firearm during a crime of violence). See Doc. No. 135. In February 2007, Defendant was sentenced to a term of life imprison plus 84 months. See Doc. No. 177, 179. The Ninth Circuit affirmed the conviction on direct appeal in 2008. See Doc. Nos. 214, 216.

1     Defendant filed a motion to vacate under 18 U.S.C. § 2255 on June 2, 2009, and an
2 amended petition on March 9, 2011.  See Doc. Nos. 260, 275.  On September 30, 2011, Senior
3 District Judge Wanger denied Defendant's § 2255 motion and all other outstanding motions.  See
4 Doc. No. 290.
5     Thereafter, Defendant filed various motions for relief that were denied as unauthorized
6 successive § 2255 petitions.
7     On June 21, 2016, the Ninth Circuit granted Defendant permission to file a successive 28
8 U.S.C. § 2255 petition.  See Doc. No. 310.  Defendant's petition challenged one conviction and
9 his sentence through *Johnson v. United States*, 135 S.Ct. 2551 (2015).  See id.  On June 23, 2020,
10 the Court stayed the § 2255 petition at the Ninth Circuit's suggestion.  See Doc. No. 312.
11    On June 25, 2020, Petitioner filed a § 3582(c) motion.  See Doc. No. 321.
12    On June 26, 2020, the Court lifted the stay on the § 2255 petition, denied the petition, and
13 declined to issue a certificate of appealability.  See Doc. No. 322.
14    On June 29, 2020, the Court denied the § 3582(c) motion.  See Doc. No. 323.
15    On December 18, 2020, the Court vacated the prior denial, appointed the federal defender
16 to represent Defendant, and permitted supplemental briefing.  See Doc. No. 328.
17    Following various extensions of time, supplemental briefing, and additional evidence, on
18 June 28, 2022, Defendant filed an urgent request for compassionate release based on his
19 significantly deteriorating medical condition.  See Doc. No. 373.
20    On June 29, 2022, the Court ordered an expedited response from the United States and
21 sealed various exhibits, which were primarily medical records and expert reports discussing
22 Defendant's medical condition.  See Doc. No. 375.
23    On July 1, 2022, several events occurred.  First, the United States filed an opposition, but
24 also requested additional time to review medical records.  See Doc. No. 378.  Second, following
25 the United States' opposition, the Court ordered the parties to meet and confer regarding an
26 expedited briefing schedule.  See Doc. No. 380.  Third, and finally, the parties submitted, and the
27 Court approved a stipulated expedited briefing schedule.  See Doc. Nos. 381, 382.
28    On July 7, 2022, following a further review of medical records, that included a heart attack

on June 28, 2022, the United States filed a notice of non-opposition and request to grant Defendant's motion.  See Doc. No. 383.

## DEFENDANT'S MOTION

*Parties' Arguments*

Particularly through the June 2022 urgent request, Defendant details that he has experienced consistent pulmonary problems and has COPD and emphysema.  Defendant explains that he is suffering more instances of extreme shortness of breath, which interfere with his ability to self-care.  Defendant is confined to a wheelchair and required to use 2 to 4 liters of oxygen whether seating or standing.  Since his transfer to Devens, Defendant has experienced bronchitis, pneumonia, and Covid 19.  On March 28, 2022, a pulmonologist had Defendant ambulate 200 feet without a wheelchair, which resulted in severe dyspnea, labored breathing, and an oxygen level of 83%.  After almost passing out, it took 4 liters of oxygen and 21 minutes for Defendant's oxygen levels to reach 93%.  On May 18, 2022, a pulmonary function study established that Defendant's diffusion capacity ("DCLO") was only 19%.  Expert pulmonologist Dr. Markovitz reviewed the finding and described Howard's condition as "end stage emphysema," "chronic hypoxemic respiratory failure with a limited life expectancy," and a "very poor prognosis."  After the pulmonary function test, Defendant was advised by the medical director of FMC Devens that the Bureau of Prisons ("BOP") had run out of options and that he should seek a reduction in sentence. Defendant was further advised that the other medical facilities or the Veteran's Administration could have other options that were unavailable through the BOP.[1]  Upon release, Defendant states that he would reside with his cousin in Emeryville, California.

The United States explains that Howard was admitted to hospital on June 28, 2022, with a heart attack.  He was discharged on July 1, 2022, following shortness of breath.  Further, Howard suffers moderate COPD and is in end-stage emphysema.  The United States concedes that Howard has demonstrated extraordinary circumstances under U.S.S.G. § 1B1.13 comment Note 1(A)-(C). Further, although the United States is concerned that Defendant's crime of conviction occurred

---

[1] The Court notes that the United States' supplemental response does not contradict this assertion.

when he was 47 and had previously had part of his lungs removed, the 18 U.S.C. § 3553(a) factors weigh in favor of release.  Defendant is 65 years old, confined to a wheelchair, is oxygen dependent, and has lung diseases that are worsening.  According to medical experts, his expected mortality is much worse than 50% at four years.  Therefore, the United States agrees that compassionate release should be ordered.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons."  United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction; . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A); United States v. Fower, 30 F.4th 823, 824 (9th Cir. 2022).  The current version of United States Sentencing Guideline § 1B1.13 is not an "applicable policy statement" for purposes of § 3582(c)(1)(A).  United States v. Arunda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Ruvalcaba-Morales, 2022 U.S. App. LEXIS 10551, *1-*2 (9th Cir. Apr. 19, 2022).  Nevertheless, while not binding, § 1B1.13 may inform a district court's discretion in deciding a motion for compassionate release.  See Arunda, 993 F.3d at 802.

*Discussion*

In light of the United States' supplemental response, the parties do not dispute the substance of Defendant's motion.  No party disputes that Defendant's age, sentence served, and

4

debilitating, complex and worsening health problems justify relief through 18 U.S.C. § 3582(c)(1)(A). Further, the parties' current position is that the 18 U.S.C. § 3553 factors do not weigh against compassionate release.

After considering the briefing and the relevant statutory considerations, the Court agrees with the parties. Given Defendant's age, severe health problems, and very poor prognosis,[2] the Court cannot find that Defendant is a danger to the community, nor can the Court find that any relevant consideration decidedly weighs against compassionate release. Further, considering the information before the Court regarding Defendant's current health situation, the Court does not find that imposing a term of supervised release would materially accomplish any goals in terms of public safety, rehabilitation, or reintegration. Therefore, the Court will grant Defendant's motion and reduce his sentence to time served and, consistent with the urgent motion for compassionate release, will order Defendant released to his cousin, Mr. B. Jackson of 4 Anchor Dr., Emeryville, CA 94608.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's urgent request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 373) GRANTED;
2. Defendant's sentence is REDUCED to time served; and
3. Defendant shall be released forthwith to Mr. B. Jackson of 4 Anchor Dr., Emeryville, CA 94608.

IT IS SO ORDERED.

Dated:   July 11, 2022                              _____
                                                    SENIOR DISTRICT JUDGE

---

[2] The medical records and evidence submitted, including the expert reports from Dr. Markovitz, show that Defendant has severe pulmonary problems. Defendant is dependent on oxygen tanks, cannot ambulate for anything less than very short distances without dramatically dropping oxygen levels, is wheelchair bound, and has worsening end-stage emphysema with more frequent and severe complications/reactions. Defendant's prognosis is grim and very poor.